IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| TRAVIS VAN HOOSEN, ) | | |
| ) | | |
| Plaintiff, ) | | CV-09-6314-AC |
| ) | | |
| v. ) | | FINDINGS AND |
| ) | | RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social ) | | |
| Security, ) | | |
| ) | | |
| Defendant. ) | | |

ACOSTA, Magistrate Judge:

Plaintiff Travis Van Hoosen appeals the Commissioner's decision denying his application for supplemental security income payments under Title XVI of the Social Security Act. The court has jurisdiction under 42 U.S.C. § 405(g). The Commissioner concedes reversible error and moves the court to remand for corrective administrative proceedings. Van Hoosen opposes additional proceedings and urges the court to reverse and remand for an award of benefits. For the reasons that follow, the Commissioner's motion to remand (Docket # 20) should be denied. The case should be

1 - FINDINGS AND RECOMMENDATION

reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for calculation and award of benefits.

## BACKGROUND

Van Hoosen alleged disability beginning July 1, 1999, due to mental impairments, back problems, a right knee injury, a stab wound to the left arm, and sleep apnea. (Admin. R. 147.) The filing date of a claimant's application determines the earliest date for which benefits can be paid under Title XVI, because supplemental security income payments cannot be made retroactively. 20 C.F.R. § 416.202, 416.501. Accordingly, the relevant period for Van Hoosen's claim begins with the filing of his application in December 2005. (Admin. R. 10, 26.)

The administrative law judge ("ALJ") applied the sequential disability determination process described in 20 C.F.R. § 416.920. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). The ALJ found Van Hoosen's ability to work affected by degenerative disc disease of the lumbar spine, sleep apnea, median nerve impingement of the left arm, obesity, a schizoaffective disorder, and a personality disorder. (Admin. R. 12.).

The ALJ found that, despite his impairments, Van Hoosen retained the residual functional capacity ("RFC") to perform less than the full range of work at the light level of exertion, with limitations on postural activities such as climbing, stooping, and crawling, and manipulative limitations in using his non-dominant left hand. In addition, the ALJ found Van Hoosen limited to work in a setting without close coordination with coworkers or interactions with the general public that are frequent or unstructured. (*Id.* at 14.)

The ALJ elicited testimony from a vocational expert ("VE") with hypothetical assumptions based on this RFC assessment. (*Id.* at 61-66.) The VE identified jobs that a person with Van

Hoosen's RFC could perform. (*Id.* at 66.) The ALJ concluded that Van Hoosen had failed to prove he was disabled within the meaning of the Social Security Act. (*Id.* at 21.)

## STANDARDS

The court reviews the Commissioner's decision to ensure that proper legal standards were applied and the findings of fact are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). If there is reversible error, then the court has discretion to remand an administrative decision for corrective proceedings or to reverse or modify the decision without remanding the case for further proceedings. 42 U.S.C. § 405(g); *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Generally, when a court reverses an administrative decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002) and *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); *Moisa v. Barnhart*, 367 F.3d 882, 886-87 (9th Cir. 2004). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

## DISCUSSION

Van Hoosen contends the ALJ failed to properly assess his RFC and elicited testimony from the VE based on hypothetical assumptions that did not accurately reflect his functional limitations. Specifically, Van Hoosen contends the ALJ improperly discredited his subjective statements and the medical source statements of Leia Hughey, Ph.D., Lester Hands, M.D., Nathan Margaret, M.D., and Nancy Cloak, M.D.

The Commissioner concedes the ALJ erred in weighing the opinions of Drs. Hughey and Margaret, and in evaluating the credibility of Van Hoosen's explanation for not consistently seeking treatment. The Commissioner does not concede error in any other aspect of the ALJ's decision. The initial inquiry is whether the errors conceded by the Commissioner compel a finding of disability and justify an award of benefits. If not, the court must also evaluate the claims of error contested by the Commissioner.

In December 2005, Van Hoosen established care with Dr. Hughey for therapeutic counseling to help control violent marital behavior. (Admin. R. 536.) Van Hoosen saw Dr. Hughey weekly for seven counseling sessions, but then attended only two sessions over the next twelve months. (*Id.* at 550.) Through this treatment relationship, Dr. Hughey diagnosed bipolar disorder and paranoid personality disorder, resulting in radical changes in motivation and energy. Dr. Hughey opined that Van Hoosen would require excessive management by an employer, that his emotional intensity would make a workplace uncomfortable, and that his ability to follow through with tasks would be limited. (*Id.* at 551.)

In October 2008, Dr. Hughey administered a neuro-cognitive screening examination. Van Hoosen appeared to be alert and able to stay on task despite distractions. On formal testing, he demonstrated no deficiencies in intellectual functioning, no debilitating deficiencies in memory, and no impairment in the ability to maintain attention. (*Id.* at 695.) On personality testing, however, Van Hoosen responded in a pattern consistent with marked distress and severe impairment of functioning, with prominent hostility, resentment, and suspicion. Van Hoosen had a distorted reading of social cues and impaired reality testing. He appeared to experience paranoia of delusional proportions. (*Id.* at 696.) Dr. Hughey administered validity testing which was normal, indicating Van Hoosen did

not attempt to overstate his distress or symptoms. Dr. Hughey opined that Van Hoosen would be very difficult to employ because of his compromised reality testing and his tendency toward hostile behavior. (*Id.*)

The VE testified that a person with compromised reality testing and a tendency toward hostile behavior could not be placed in competitive employment. (*Id.* at 68). Accordingly, crediting Dr. Hughey's opinion would obviate the need for further proceedings, establish disability, and compel reversal for an award of benefits.

The Commissioner urges further proceedings on the ground that Van Hoosen's functional ability might improve with appropriate treatment. In March 2006, Nancy Cloak, M.D., performed a consultative psychiatric evaluation at the request of the agency and observed that Van Hoosen was not receiving cognitive-behavioral psychotherapy. She opined that it was likely Van Hoosen's condition would improve with appropriate treatment, although his ability to engage in such treatment might be limited by his personality disorder. (*Id.* at 490).

The Commissioner's argument is unpersuasive. In September 2006, Dr. Hughey concluded that Van Hoosen had probably received all the benefit he was likely to get from psychotherapy. (*Id.* at 532.) In addition, Van Hoosen explained his failure to follow consistent treatment and the ALJ had the opportunity to evaluate that explanation. The Commissioner concedes the ALJ neglected to do so.

In light of the vocational testimony, the opinion of Dr. Hughey resolves all issues necessary for a determination of disability. The limitations identified by Dr. Hughey preclude competitive employment. The grounds for the Commissioner's motion to remand do not justify further proceedings, because the record is adequate to make a determination of disability without additional

delay. The record is fully developed and it is clear the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). No useful purpose would be served by further administrative proceedings and a remand for an award of benefits is appropriate. *Harman*, 211 F.3d at 1178; *Smolen*, 80 F.3d at 1292; *Rodriguez,* 876 F.2d at 763.

Although it appears Van Hoosen's remaining claims of error could be corrected in proceedings after a remand and do not compel a finding of disability, crediting Dr. Hughey's opinion makes it unnecessary to address those claims. Accordingly, the court should exercise its discretion to remand for the Commissioner to calculate and award supplemental security income payments based on Van Hoosen's application.

## RECOMMENDATON

For the foregoing reasons, the Commissioner's motion for remand (docket # 20) should be denied and the Commissioner's decision should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for calculation and award of benefits.

### Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **July 22, 2011**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

DATED this 7th day of July, 2011.

        /s/ John V. Acosta
        JOHN V. ACOSTA
        United States Magistrate Judge